

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

**LETTER OPINION**
**NOT FOR PUBLICATION**

November 28, 2007

John Blue
Inmate No. 32246-019
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

Christopher J. Christie
United States Attorney
By: Marc Larkins
Assistant United States Attorney
United States Attorney's Office
970 Broad Street
Newark, NJ 07102

        RE:    ***John Blue v. United States of America***
                    **Civil No. 07-3654 (WJM)**
                    **Criminal No. 04-768 (WJM)**

Dear Litigants:

      This matter comes before the Court on John Blue's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 or, in the alternative, to set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  For the following reasons, Mr. Blue's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and his petition pursuant to 28 U.S.C. § 2241 is **TRANSFERRED** to the U.S. District Court for the Eastern District of Kentucky.

      Mr. Blue has also applied for the appointment of counsel to assist in prosecuting

this matter. Because it is clear that the relief Mr. Blue requests cannot be granted under § 2255, and because the Court will transfer Mr. Blue's § 2241 petition, the Court will **DENY** the application for appointment of counsel at this time. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

## Background

On September 29, 2006, this Court sentenced Mr. Blue to a term of 24 months imprisonment on a violation of probation. In determining Mr. Blue's sentence, this Court took into account Mr. Blue's serious medical problems, including chronic heart disease and chronic lymphocytic leukemia.[1] In determining Mr. Blue's sentence, this Court also took into account the fact that Mr. Blue was already serving a 4 to 8 year state sentence imposed in New York. This Court's 24-month sentence was imposed to run consecutively to the state sentence.

On November 30, 2006, the state court vacated its prior sentence, permitted Mr. Blue to re-plead, and re-sentenced him to 2½ to 5 years, to run concurrently with his federal sentence. (Pet. Ex. A.) The U.S. Marshals Service assumed custody of Mr. Blue on March 15, 2007, and he began serving his federal sentence on that date. (Supplemental Pet. Ex. B.) Mr. Blue argues that the delay of the U.S. Marshals Service in assuming custody after his re-sentencing in New York resulted in a loss of federal jail time credit to which he is entitled. (Pet. ¶¶ 9-11.)

Mr. Blue, who is sixty-seven years old, also contends that his health problems have worsened in recent months. He argues that the Federal Correctional Institution in Cumberland, Maryland, where he was incarcerated when he filed the instant petition,[2] failed to provide him with proper medical care. (*Id.* ¶¶ 19-25.) Mr. Blue alleges that he

---

[1] Among the medical records before the Court at sentencing was an August 17, 2006 letter from Dr. Bernard Poiesz stating that although Mr. Blue's leukemia was then in remission, relapse was inevitable. (Supplemental Pet. Ex. C.) The letter stated that it was unlikely that Mr. Blue would live more than four years, though he could certainly deteriorate sooner. (*Id.*)

[2] On May 3, 2007, this Court issued an Order recommending that the Bureau of Prisons designate Mr. Blue to either the Metropolitan Corrections Center in New York City or the Metropolitan Detention Center in Brooklyn, so that he could be near his doctors and family. On May 25, 2007, the Court was notified that the Bureau of Prisons was unable to follow the Court's recommendation because the facilities recommended by the Court housed minimum- and low-security level inmates, and Mr. Blue had been classified as a medium security level offender.

has been deprived of proper medication and suffered heart attacks on July 11, 2007 and August 7, 2007 which caused his defibrillator to go off. (Pet. ¶¶ 20-21; Supplemental Pet. ¶¶ 3-4.) Mr. Blue contends that if he is required to serve the remainder of his sentence, his serious medical conditions will continue to be inadequately treated, and he will die in prison. (Pet. ¶ 25; Reply 4.) Therefore, Mr. Blue contends, his continued incarceration violates the Constitution. At some point after filing the instant petition, Mr. Blue was moved to the Federal Medical Center in Lexington, Kentucky.

In the instant petition, Mr. Blue asks for relief from the sentence imposed by this Court, stressing the "changed circumstances" of his declining health and his re-sentencing in New York. As things stand, Mr. Blue is eligible for release to a halfway house on August 25, 2008, and is otherwise expected to complete his federal sentence on October 21, 2008. (Supplemental Pet. Ex. B; Reply 5.)

## **Discussion**

Under § 2255, a federal prisoner may challenge the constitutionality or lawfulness of his sentence as it was imposed. *See United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004). Here, the "changed circumstances" upon which Mr. Blue rests his petition for relief arose *after* Mr. Blue was sentenced in this Court. Because Mr. Blue's challenges do not focus on the legality of his sentence itself, but on the validity and conditions of his continued detention, the claims asserted in Mr. Blue's petition are not cognizable under § 2255.[3] *See id.*; 28 U.S.C. § 2255 (enumerating grounds for challenging sentence, *i.e.* "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.").

Section 2241, on the other hand, allows a federal prisoner to challenge the *execution* of his sentence in habeas. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d

---

[3] The Court further notes that a district court cannot modify a defendant's federal sentence based only on the defendant's ill health, except upon motion of the Director of the Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(1)(A); *Engle v. United States*, 26 Fed. Appx. 394, 397 (6th Cir. 2001). Upon receipt of such a motion from the Director, a court may reduce a term of imprisonment after considering certain factors and upon finding that extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A). No such motion has been made by the Director of the Bureau of Prisons in this case, although Mr. Blue apparently petitioned the Director for such relief on May 18, 2007. The Court encourages Mr. Blue to further pursue this avenue.

235, 241-42 (3d Cir. 2005) (challenge to execution of federal prisoner's sentence includes such matters as administration of parole, computation of prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions). Therefore, it appears that at least some of the claims raised in Mr. Blue's petition are cognizable under § 2241.

This Court, however, lacks jurisdiction to entertain Mr. Blue's § 2241 petition. A district court's habeas jurisdiction is "territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district." *Yi v. Maugans*, 24 F.3d 500, 503 (3d Cir. 1994); *see also Braden v. Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973). Mr. Blue is presently detained in Lexington, Kentucky. Pursuant to 28 U.S.C. § 1631 and in the interest of justice, rather than dismiss Mr. Blue's petition without prejudice, the Court will transfer Mr. Blue's petition to the Eastern District of Kentucky for consideration under § 2241.

## Conclusion

For the foregoing reasons, Mr. Blue's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**. Mr. Blue's petition for relief under 28 U.S.C. § 2241 is **TRANSFERRED** to the U.S. District Court for the Eastern District of Kentucky for further proceedings. Mr. Blue's application for appointment of counsel is **DENIED**. An appropriate Order accompanies this Letter Opinion.

      s/William J. Martini
**William J. Martini, U.S.D.J.**